# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AUDREY LUEVENIA DANIELS,**
        **Plaintiff,**

      v.                                        Case No. 12-CV-00650

**MILWAUKEE BOARD OF SCHOOL DIRECTORS,**
        **Defendant.**

## DECISION AND ORDER

Pro se plaintiff Audrey Daniels brings this action under 42 U.S.C. § 1983 against defendant, the Milwaukee Board of School Directors. Plaintiff claims that she was unlawfully terminated from her position as a teacher with Milwaukee Public Schools ("MPS"). Defendant was served with a copy of the complaint, but has failed to answer. As a result, the clerk entered default against defendant, and before me now is plaintiff's motion for entry of a default judgment under Fed. R. Civ. P. 55(b)(2).

Rule 55(b)(2) gives a district court discretion to decide when a default judgment is appropriate. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685. Among other factors, a court can consider whether there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Black v. Lane*, 22 F3d 1395, 1399 (7th Cir. 1994) ("The entry of a default order does not . . . preclude a party from challenging the sufficiency of the complaint."). This means a court can consider whether the unchallenged facts in the complaint state a plausible claim for relief. 10A Federal Practice and Procedure § 2688 ("[A] party in default does not admit mere conclusions of law."); 10 James Wm.

Moore et al., Moore's Federal Practice ¶ 55.31 (3d ed. 2012) ("[W]hen the plaintiff's claims clearly lack merit, denial of a default judgment is the proper course of action for a court."). To state a plausible claim, a complaint must allege facts that permit "the reasonable inference that defendant is liable for the injury alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this case, I give the complaint a liberal construction because plaintiff is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under § 1983, plaintiff must allege that "a government official, acting under color of state law, deprived [her] of a right secured by the Constitution or laws of the United States." *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Plaintiff claims that she was unlawfully terminated by MPS after 22 years of service. As support for this claim, she alleges that on the day she was fired two of her supervisors became very upset and repeatedly shouted at her to leave. She further alleges that defendant failed to follow the termination procedures outlined in her contract, and that MPS was later confused about whether she had quit or been fired, which caused problems with her unemployment benefits.

Plaintiff has failed to state a claim for relief under § 1983 because she has not alleged that defendant violated any of her federal rights. The closest she comes is at the end of the complaint where she states in a conclusory fashion that she was the victim of discrimination. She does not, however, provide any factual allegations to support this claim. Attached to the complaint are several letters from MPS stating that plaintiff was fired for unsatisfactory job performance, and the complaint does not contradict any of MPS's accusations.

2

Because the complaint fails to state a claim, I will deny the motion for default judgment and dismiss the case. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B) and noting that a court has the power to screen complaints sua sponte and "must dismiss the complaint if it fails to state a claim").

**THEREFORE, IT IS ORDERED** that plaintiff's motion for default judgment [DOCKET #5] is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 15th day of November 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

3